**Manuel GRAYS, Plaintiff—Appellee,**

v.

**L. ANSELMI, Defendant—Appellant.**

No. 00–17234.

D.C. No. CV–98–02009–DFL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2001.*

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Decided Jan. 8, 2002.

Before BRUNETTI, KLEINFELD, and THOMAS, Circuit Judges.

MEMORANDUM **

We have jurisdiction to review the district court's order denying summary judgment based on qualified immunity.[1] We assume for purposes of decision, without deciding, that Grays' version of the material facts is true.[2] Even so, it would not have been clear to a reasonable officer in Anselmi's situation that her conduct violated the Eighth Amendment,[3] *i.e.*, that she used more than *"de minimis ... physical force"* or *"force ... of a sort repugnant to the conscience of mankind."*[4] Anselmi is therefore entitled to summary judgment based on qualified immunity.

**REVERSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Jeffers v. Gomez,* 267 F.3d 895, 903 (9th Cir.2001).

2. *Id.*

3. *See Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

4. *Hudson v. McMillian,* 503 U.S. 1, 10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (internal quotation marks omitted).

